## TODD v. UNITED STATES.
### No. J–374.

Court of Claims.
Feb. 9, 1931.

Chas. Stewart Davison, of New York City, for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Wm. T. Sabine, Jr., of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, LITTLETON, and WILLIAMS, Judges.

GREEN, Judge.

The plaintiff is the executrix of the estate of Joseph White Todd, deceased, and brings this suit to recover $6,000 and interest alleged to have been wrongfully collected as part of the tax levied against the estate of the decedent. The deceased was a nonresident alien, and the question in controversy in the case is whether a certain transaction had by him in the city of New York amounted to a loan of money or was a deposit in a bank. The Commissioner included the fund in the gross estate of the decedent for the purpose of computing his tax payable on property in this country. The plaintiff insists that the fund was deposited with a person "carrying on the banking business," and was exempt under the statutory provisions.

The law governing the case is found in section 303 of the Revenue Act of 1924 (26 USCA § 1095 note), and is as follows:

"Sec. 303. For the purpose of the tax the value of the net estate shall be determined—
* * *

"(e) The amount receivable as insurance upon the life of a nonresident decedent, and any moneys deposited with any person carrying on the banking business, by or for a nonresident decedent who was not engaged in business in the United States at the time of his death, shall not, for the purpose of Part I of this title, be deemed property within the United States."

The evidence in the case shows that the decedent, about six weeks before his death, was in the city of New York and sold some stocks or securities for upwards of $100,000. He had two stepsons, Cortlandt Van Rensselaer Halsey and Charles D. Halsey, Jr., who were, with three others, members of the copartnership of C. D. Halsey & Co., doing business in that city in the way of dealing in money and securities, buying and selling securities for the account of others and charging commission therefor, borrowing money from banks and trust companies, bankers, and individuals, upon which they paid interest, and in some instances taking deposits and for particular reasons allowing a few of their clients to draw checks on their balances. But, at the time involved in the case this firm did not hold itself out to the public as a bank or banking institution, did not carry the word "bankers" or "bank" on its letterheads or office, and had never complied with the laws of the state of New York to authorize it to do business as a banker. The decedent asked to see his stepsons, and after some conversation with them indorsed and delivered to them a check for $100,000. At the same time he prepared a receipt or acknowledgment which they signed, and which read as follows:

"New York, Jan. 11, 1926.

"Received from Sir Joseph White Todd, baronet, the sum of one hundred thousand dollars ($100,000) on loan at 5% per annum. Interest payable semi-annually. The principal to remain for two years with option of lender and borrower to extend the term of loan year by year by giving 12 months' notice.

"Van R. Halsey.
"Chas. D. Halsey."

The firm of C. D. Halsey & Co. did not open any account on its books in the name of the deceased by reason of this transaction. No record thereof appears anywhere on the books of C. D. Halsey & Co. showing any transaction with the plaintiff's testator. The books of C. D. Halsey & Co. show individual investments of $50,000 each, made by Cortlandt Van Rensselaer Halsey and Charles D. Halsey, Jr., in the firm of C. D. Halsey & Co. by an entry made at the time which has since been continued and shows a liability of the firm to Cortlandt Van Rensselaer Halsey and Charles D. Halsey, Jr.

A casual reading of the statute shows that, in order to gain the benefit of the exemption, the funds must not only be deposited, but the deposit must be made with a "person carrying on the banking business." Some argument has been made by counsel upon the question of whether Halsey & Co. were engaged in the banking business. The evidence shows that this firm had not complied with the laws of New York with reference to persons engaging in that business, but we do not find it necessary to determine this question. The transfer of the funds by decedent was not made to the firm but to two members thereof in their individual capacity, as was shown by the receipt for the money, which they signed as individuals. Moreover, there was no entry on the books of the firm showing a credit in favor of the decedent as a result of the transaction. On the contrary, Cortlandt Van Rensselaer Halsey and Charles D. Halsey, Jr., were each credited with $50,000 on the firm's books, and these amounts have since been carried as a liability of the firm to the two partners above named. There is nothing in the evidence to show that these two partners were engaged in the banking business. The circumstances indicate that they were not. If there was any deposit, it was clearly with persons not engaged in the banking business. But we do not think the money was deposited in the sense that the word "deposit" is used in the statute. It was clearly the intent of Congress to require the deposit to be made in the same manner that it would have been in an ordinary bank. The receipt and the accompanying circumstances show that the transfer of the check constituted a loan rather than a deposit, and we have so found.

For the reasons stated above, the petition of the plaintiff must be dismissed, and it is so ordered.